# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| DISABLE RIGHTS MISSISSIPPI, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:09-cv-00137-TSL-LRA |
| v. | ) |
| LAUDERDALE COUNTY, | ) |
| Defendant. | ) |

## AGREED ORDER

On October 19, 2009, Plaintiff Disability Rights Mississippi (DRMS) filed this litigation against Lauderdale County seeking to enforce what it contends are its access rights to the Lauderdale County Juvenile Detention Center pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§15001, et. seq.; Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C., §§794e, et. seq.

After negotiation among the parties, the Defendant and the Plaintiff have agreed that the Court should order a tentative plan of access until the parties can further investigate this case and attempt to negotiate a permanent resolution or obtain a ruling from the Court on any disputed issues. The terms of this order are governed by the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§15001, et. seq.; Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C., §§794e, et.

seq., and all relevant implementing regulations. Accordingly, with the agreement of the parties, and the concurrence of the Lauderdale County Youth Court which operates the Lauderdale County Juvenile Detention Center (LCJDC) in view of the Defendant's contention that it has no independent or other legal authority to either grant or deny access to the LCJDC and/or its residents (or otherwise control the operation of the LCJDC), and pending further order of the Court, it is hereby ordered that:

1. The LCJDC and its personnel will permit DRMS and/or its contractor (the Mississippi Youth Justice Project) access for monitoring and investigative purposes consistent with 42 C.F.R. Sec. 51.42(c)(2) and 45 C.F.R. Sec. 1386.22(g). Such monitoring and investigative activities shall be conducted so as to minimize interference with LCJDC programs, respect residents' privacy interests, and honor a resident's right to terminate an interview. For purposes of monitoring, and pursuant to 45 C.F.R. Sec. 1386.22(g), DRMS and/or its contractor shall have access to LDJDC at reasonable times, which at a minimum shall include normal working hours and visiting hours, for the purpose of education and monitoring. DRMS shall make every reasonable effort to provide 48 hours advance written notice to the LCJDC Administrator of any requested visit to the LCJDC. In response and within 24 hours, the LCJDC will provide DRMS and/or its contractor a list of detained juveniles who are either developmentally disabled within the meaning of the DD Act, or have a mental illness within the meaning of the PAIMI Act, or disabled with the meaning of the PAIR Act (collectively, "eligible residents"). When DRMS and/or its contractor have probable cause to believe that eligible residents are being subject to abuse and neglect, notice shall not be required before DRMS is provided access to residents, the facility and relevant records as set forth below. The parties acknowledge that DRMS is the final arbiter of probable cause and shall not deny DRMS investigative access based on LCJDC's

determination that probable cause is insufficient. The LCJDC and its personnel will allow DRMS and/or its contractor (the Mississippi Youth Justice Project) to conduct confidential visits with any juveniles included on such list. DRMS and/or its contractor will respect the right of any resident to terminate an interview at any time.

2. The LCJDC and its personnel shall allow DRMS and/or its contractor to conduct confidential visits with any eligible resident who would like to speak with DRMS and/or its contractor. The LCJDC and its personnel will further allow DRMS to confidentiality meet with any resident if DRMS has probable cause to believe that the resident has a eligible disability and is therefore eligible for DRMS services.

3. Consistent with 42 C.F.R. Sec. 51.42(b) and 45 C.F.R. Sec. 1386.22(f) and the prerequisites therein, the LDJDC and its personnel will allow DRMS and/or its contractor to confidentially interview any eligible resident and the opportunity to interview any resident or staff member who may be reasonably believed to have knowledge of alleged abuse, or neglect of any eligible resident.

4. The LCJDC and its personnel shall allow any client of DRMS or its contractor, or any juveniles who are either developmentally disabled within the meaning of the DD Act, or have a mental illness within the meaning of the PAIMI Act, or disabled within the meaning of the PAIR Act to contact DRMS and/or its contractor through confidential phone calls and letters, and allow DRMS or its contractor to prepare and place flyers in the LCJDC lobby area, and to prepare and post notices in the LCJDC visitation room, on the dormitory supervisors' desks (which are the dormitory telephone locations) that inform eligible residents of their rights to contact DRMS or its contractor in writing. Pursuant to 42 C.F.R. § 51.42 (c)(1), LCJDC and its personnel shall

allow DRMS to inform residents about their potential rights to access DRMS services by making announcements in the living units about DRMS's services.

5.     Consistent with 42 C.F.R. Sec. 51.41(b)(3) and 45 C.F.R. Sec. 1386.22(a)(3) and the prerequisites therein, the LCJDC and its personnel shall allow access to all relevant records (including written or in another medium such as electronic files, photographs, or video or audio tape records) pertaining to an eligible resident upon the request of DRMS when the DRMS believes there is probable cause to investigate a potential incident of abuse or neglect of an eligible resident.  DRMS agrees to obtain a valid release from the facility resident and his/her legal guardian, conservator, or other legal representative before requesting that individual resident's medical, mental health, educational, or youth court records.  However, releases shall not be required when DRMS requests facility records such as those enumerated in the first sentence of this paragraph, despite the fact that the record relevant to the eligible resident may also contain otherwise confidential information related to other individual facility residents.

6.     The LCJDC and its personnel will allow any resident to meet confidentially with any DRMS attorney (or its contractor's attorney), who has a retainer agreement from the resident, or the resident's parent or legal guardian, authorizing the attorney to represent the resident regarding either all legal matters, or youth court matters, or conditions of confinement.  Except as provided in paragraph 5 above (or otherwise provided by § 43-21-261, Miss. Code of 1972), attorneys for DRMS and/or its contractor may have access to their client's records (if an eligible resident) only upon execution of a valid release from the facility resident/client and his/her legal guardian, conservator, or other legal representative.

7.     The LCJDC and its personnel will allow DRMS and/or its contractor reasonable unaccompanied access to view and photograph all areas of the detention center that are used by

residents or that might be accessible to them.  The LCJCD and its personnel may refuse, limit or restrict access to a certain area or areas, or persons when it/they deem reasonably necessary for the safety and security of the residents, guests or employees at the LCJCD.

8.	LCJDC and its personnel will ensure that no youth suffers retaliation or adverse treatment as a result of exercising his or her right to meet with DRMS or participate in a DRMS investigation.

SO ORDERED this 9th day of November, 2009.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

| AGREED: | AGREED: | AGREED: |
|---|---|---|
| /s/Sheila A. Bedi<br>Poonam Juneja<br>Kimalon Melton<br>Counsel for Plaintiff | /s/Lee Thaggard<br>Counsel for Defendant | /s/Frank Coleman<br>Honorable Frank Coleman<br>Senior Youth Court Judge<br>Lauderdale County Youth Court |