IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| E.W., by and through her next friend, Kendra Watts; J.A., by and through her next friend, Linda Alford; C.M., by and through his next friend, Lena Clark; on behalf of themselves and all persons similarly situated; DISABILITY RIGHTS MISSISSIPPI, INC.,<br>　　　　　　　Plaintiffs,<br>vs.<br>LAUDERDALE COUNTY, MISSISSIPPI,<br>　　　　　　　Defendant. | Case No. 4:09-cv-00137-TSL-LRA |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This challenge to the Defendant's unconstitutional policy of denying incarcerated children their rights under the U.S. Constitution presents a classic case for class certification. The Plaintiff class – consisting of all children who are now or will in the future be committed to or detained in the Lauderdale County Juvenile Detention Center – seeks permanent injunctive relief, along with corresponding declaratory relief. It would be impossible to join every present and future resident of the Lauderdale County Juvenile Detention Center in a single suit, and the named Plaintiffs will more than adequately represent the interests of the class. By granting Plaintiffs' motion for class certification, the Court will help resolve this suit with speed, consistency and fairness to all parties.

Class certification is routinely granted in cases related to prison and jail conditions.. *See, e.g., Martin v. Hadix*, 527 U.S. 343 (1999); *Lewis v. Casey*, 518 U.S. 343 (1996); *Castillo v. Cameron County*, 238 F.3d 339 (5th Cir. 2001); *Gates v. Cook*, 234 F.3d 221 (5th Cir. 2000). Indeed, the class action device was specifically developed to improve the ability of courts to

2

resolve suits involving the criminal justice system.  HERBERT B. NEWBERG, 485 NEWBERG ON CLASS ACTIONS § 25.18 (2d ed. 1985).  Courts have broad discretion to certify any class that comes within the parameters of Federal Rule of Civil Procedure 23.  *See Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 310 (5th Cir. 2000).  Plaintiffs seeking class certification must establish all of the elements of Rule 23(a), as well as at least one element of Rule 23(b).  *See Sears Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000).  Each of those requirements is easily met in this case.

> A.   **Numerosity**

To satisfy Rule 23(a)(1), the "plaintiff[s] must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members."  *See James v. Dallas*, 254 F.3d 551, 570 (5th Cir. 2001) (internal quotations and citations omitted).  The Plaintiff class in this case consists of all the youth who are presently confined at the Lauderdale County Juvenile Detention Center, as well as an unknown – and unknowable – number of children who will be held there in the future.  Upon information and belief, over a hundred youth are detained annually in the Lauderdale County Juvenile Detention Center.[1]  Thus, the number of potential plaintiffs would easily satisfy the Fifth Circuit's standards for numerosity.  *Cf., e.g.*, *Jones v. Diamond*, 519 F.2d 1090, 1100 & n.18 (5th Cir. 1975) (class of 48 members), *disapproved in part on other grounds*; *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478 (1978); *Jack v. American Linen Supply Co.,* 498 F.2d 122, 124 (5th Cir. 1974) (class of 51 members).   The inclusion of future residents renders it literally impossible to join all members of the class, another factor that weighs heavily in favor of certification.  *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000).

---

[1] Mississippi Department of Human Services, Division of Youth Services, Statistical Data http://www.mdhs.state.ms.us/pdfs/dys3_counties2008.pdf (Last visited November 11, 2009)(Lauderdale County data reflects that in 2008 116 youth were committed to the detention center as a disposition in 2008. In 2007, 123 youth Lauderdale County Youth received detention as a disposition).

### B. Commonality & Typicality

The next two elements of Rule 23(a) – commonality and typicality – "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tele. Co. v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (characterizing "adequacy-of-representation" as a third guidepost); *accord Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006); *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005). Although in practice the commonality and typicality requirements "tend to merge," the Fifth Circuit has provided some analytical guidance to courts to highlight the factors most relevant to each provision. *See Lightbourn v. El Paso*, 118 F.3d 421, 426 (5th Cir. 1997) (addressing both requirements); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (addressing the typicality requirement).

The court has held that "[t]he commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members," *Lightbourn*, 118 F.3d at 426. In this case, common issues include the constitutionality of the Defendant's policies, customs and practices with regard to protection from harm, the provision of adequate mental health services and access to the courts. The named Plaintiffs and the absent class members are equally affected by the Defendant's unconstitutional policies, customs and practices, and any relief ordered by this Court would impact them in the same way.

Typicality focuses on "whether the class representative's claims have the same essential characteristics of those of the putative class." *Stirman*, 280 F.3d at 562 (qutoting *James v. Dallas*, 254 F.3d at 571). Like commonality, the typicality test is "not demanding," *Lightbourn*,

4

118 F.3d at 426, and is easily satisfied in this case. If class certification is denied, every child at the Lauderdale County Juvenile Detention Center will be forced to pursue an individual action to vindicate his or her rights under the U.S. Constitution. Each of those complaints would be virtually identical to the class complaint at issue here. *Cf. Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (holding that typicality requirement was met where "the Named Plaintiffs' and the proposed class members' legal and remedial theories appear[ed] to be exactly the same").

### C. Adequacy of Representation

There is no question that the named Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a)(4); *Stirman*, 280 F.3d at 563 (holding that Rule 23(a)(4) requires consideration of "[1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees"); *accord Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001); *accord Feder*, 429 F.3d at 129-130. First, the Plaintiffs are represented by attorneys with ample experience in class actions and civil rights litigation – both in general and with respect to juvenile prison cases in particular. (*See* Ex. 1, Bedi Decl.). Counsel are capable of pursuing the case vigorously on behalf of the class. *Id.* Second, with respect to the named Plaintiffs, courts faced with child representatives have not attempted to hold these young litigants to adult standards, focusing instead on the engagement level of the children's next friends. *Cf. Horton v. Goose Creek Indep. Schl. Dist.* 690 F.2d 470, 484 (5th Cir. 1982). The next friends in this case – the guardians of an injured child – have clearly demonstrated their commitment to protect not only her own children's rights, but also the rights of the absent class members. (*See* Ex. 2, Watts Decl., Alford Decl., Clark Decl.).

## D. Injunctive and Declaratory Relief

The Plaintiff class also satisfies the requirements of Rule 23(b)(2).  Defendant's actions have been taken "on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole."  FED. R. CIV. P. 23(b)(2).  Each issue complained of by the named Plaintiffs is a systemic problem, to which all youth detained at the Juvenile Detention Center have been subjected.  Staff arbitrarily use chemical restraints (also known as mace) on youth, and have on at least one occasion sprayed all of the male children with mace while the youth were locked in their cells, because one youth had thrown a tissue. Amended Compl. ¶¶ 23-24, 39-42.  Youth at the facility are routinely confined to their cells for 23-24 hours per day and not given regular physical exercise, recreation or any other rehabilitative programming. Amended Compl. ¶¶ 29-30, 36-37.  Children are forced to live in unsanitary and deficient living conditions, without inadequate provisions for basic needs, such as clothing and hygiene, and without adequate mental health care. Amended Compl. ¶¶ 25-35.  Defendant has subjected the members of the potential class to this unlawful treatment, simply on virtue of the youth being detained in the Juvenile Detention Center.  Because this subsection is particularly applicable to suits by prisoners, NEWBERG § 25.18, it is clear that the Plaintiff class satisfies this element of Rule 23.

For all the above reasons, the Plaintiffs request that this motion for class certification be granted.

                                      Respectfully submitted,

                                      s/ Poonam Juneja_____
                                      Poonam Juneja, Miss. Bar No. 103181
                                      Vanessa Carroll, Miss. Bar. No. No 102736
                                        Sheila A. Bedi, Miss. Bar. No. 101652
                                        Mississippi Youth Justice Project
                                        A Project of the Southern Poverty Law Center

921 N. President St. Suite B
Jackson, Mississippi 39202
601-948-8882 (phone)
601-948-8885 (fax)

Kimalon Melton, Miss.Bar No. 99466
Disability Rights Mississippi
5305 Executive Place
Jackson, Mississippi 39206
601-981-8207 (telephone)
601-981-8313 (fax)

Robert B. McDuff, Miss. Bar. No. 2532
767 North Congress Street
Jackson, Mississippi 39202
601-969-0802 (phone)
601-969-0804 (fax)

Counsel for Plaintiffs

**Certificate of Service**

      I hereby certify that on November 12, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated: November 12, 2009

                                                 /s/ Sheila A. Bedi, Miss. Bar. No. 101652
                                                 Mississippi Youth Justice Project
                                                 A Project of the Southern Poverty Law Center
                                                 921 N. President St., Suite B
                                                 Jackson, Mississippi 39202
                                                 601-948-8882 (phone)
                                                 601-948-8885 (fax)